**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4840**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OMAR EDUARDO JACOBO-MENDOZA,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-74)

---

Submitted: May 4, 2005                    Decided: June 13, 2005

---

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Omar Eduardo Jacobo-Mendoza pled guilty to one count of conspiracy to possess with the intent to distribute in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (2000). Jacobo-Mendoza was sentenced to 120 months in prison. On appeal, Jacobo-Mendoza claims that the district court erred in denying his motion to suppress the fruits of the search conducted at a room he rented because (1) the affidavit submitted in support of the search warrant failed to establish probable cause, and (2) in the absence of probable cause, the officer's reliance on the search warrant was not reasonable.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). The Fourth Amendment requires that no search warrant shall issue without probable cause. U.S. Const. amend. IV. Probable cause means that when assessing the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Even if the warrant is found to be defective, based on the absence of probable cause, the evidence obtained from a

- 2 -

defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. <u>United States v. Leon</u>, 468 U.S. 897, 922-23 (1984). Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it. See <u>id.</u>; <u>United States v. Wilhelm</u>, 80 F.3d 116, 121-22 (4th Cir. 1996); <u>United States v. Hyppolite</u>, 65 F.3d 1151, 1156 (4th Cir. 1995).

Guided by these principles, we have thoroughly reviewed the parties' submissions and conclude that the district court did not err in denying Jacobo-Mendoza's motion to suppress. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>